# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 22 2019
AT ____ O'CLOCK
John M. Domurad, Clerk - Syracuse

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| FRANK HUNTER, | ) Case No.  5:19-MJ-456  (TWD) |
| TAKI JOHNSON, and | ) |
| VENNIE COLEMAN, | ) |
| | ) |
| Defendants | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 2019, through June 12, 2019, in the county of Oneida in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846 | Conspiracy to distribute and possess with the intent to distribute ten (10) grams or more acetyl fentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, (i.e. fentanyl). |

This criminal complaint is based on these facts:
Click here to enter text.

☒ Continued on the attached sheet.

_____
Complainant's signature

Douglas Soika, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 22, 2019

_____
Judge's signature

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

City and State: Syracuse, New York

## **AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

### I.    **INTRODUCTION**

Douglas Soika, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, deposes and says:

1. I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation (FBI), and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, *et. sec.*, and Title 18, United States Code, Section 2516. I have been a Special Agent with the FBI since August 2005. I am currently assigned to the FBI's Albany Field Office and the Utica Resident Agency. I am currently assigned to investigate violent crime, organized crime, narcotics, and other criminal matters.

2. I have participated in numerous successful investigations into illicit drug distribution networks and have interviewed defendants, informants and others who were sellers, distributors, or users of narcotics and other illicit drugs. I have been involved in the monitoring, intercepting and recording of court ordered wiretaps. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal and state narcotics officers with regard to the manner in which narcotics are possessed, sold and distributed in the Northern District of New York area. I have participated in numerous searches of residences, businesses, and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth

1

below.

3. Currently, I am a co-case agent investigating a large scale, inter-state, Drug Trafficking Organization (DTO) operating in and around the Utica, NY area. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other investigators of the New York State Police (NYSP), the Oneida County District Attorney's Office (OCDA), the Utica Police Department (UPD), and other state and local law enforcement agencies, I am familiar with the facts and circumstances of this investigation.

4. I make this affidavit in support of a criminal complaint charging **FRANK HUNTER, TAKI JOHNSON,** and **VENNIE COLEMAN** with conspiring to distribute and possess with the intent to distribute ten (10) grams or more of a mixture and substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, (i.e. fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

5. I base this affidavit on having personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the FBI, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the complaint.

## II. BACKGROUND

6.  In approximately August 2017, NYSP Special Investigation Unit (SIU), UPD and OCDA began investigating the heroin/fentanyl trafficking activities of the Drug Trafficking Organization (DTO) of **FRANK HUNTER** and other associates and co-conspirators of the organization. The investigation revealed that **HUNTER** and his co-conspirators had been selling narcotics, to include heroin and fentanyl, in the greater Utica/Rome areas for several years. The **HUNTER DTO** enlisted members of the DTO to sell narcotics to customers, oftentimes utilizing their own residences, as well as other residences, as selling locations.

7.  Beginning in March of 2019, the NYSP SIU, UPD, and OCDA conducted an approximately four (4) month long New York State Court authorized wiretap investigation into the heroin/fentanyl trafficking activities of the **HUNTER DTO**. Over the course of that wiretap investigation, investigators and other law enforcement personnel monitored a total of six (6) SUBJECT TELEPHONES that were associated with the **HUNTER DTO** and the distribution of narcotics in the greater Utica area. During the monitoring of the SUBJECT TELEPHONES, numerous drug related phone calls were intercepted by the aforementioned investigators.

8.  During the course of the investigation, agents learned that **TAKI JOHNSON** was a heroin/fentanyl source of supply to co-conspirator distributor **VENNIE COLEMAN** and further determined that **JOHNSON's** heroin/fentanyl source of supply was **HUNTER**. This was confirmed through the use of the wiretap and other investigative measures. Specifically, agents monitored several intercepted telephone conversations over **JOHNSON'S** telephone between **JOHNSON** and **COLEMAN**, as well as between **JOHNSON** and **FRANK HUNTER**. During these monitored telephone conversations, **JOHNSON** discussed purchasing narcotics, specifically heroin and/or fentanyl, with **HUNTER** and **JOHNSON** was intercepted in drug-

3

related conversation about supplying these drugs to **COLEMAN**. Several of these intercepted telephone conversations were corroborated by surveillance.

9. I am familiar with the facts and circumstances described herein and make this affidavit based upon personal knowledge derived from my participation in this investigation, conclusions based on my training and experience, and upon information, I believe to be reliable from the following sources:

   a. Oral and written reports about this investigation and other investigations, which I have received from the New York State Police (NYSP), Utica Police Department (UPD), Oneida County District Attorney's Office as well as other federal agents and state law enforcement agencies;

   b. Physical surveillance conducted by the FBI, NYSP, and other law enforcement agencies in this and other investigations, which have been reported to me either directly or indirectly;

   c. Confidential source statements;

   d. Public records;

   e. Law enforcement databases;

   f. Evidence gathered through other law enforcement investigations; and

   g. Evidence gathered through other law enforcement investigations; and

   h. Cellular telephone number (315) 790-9196, utilized by **TAKI JOHNSON**.

   i. Cellular telephone number (315) 737-3843, utilized by **VENNIE COLEMAN**.

4

j. Cellular telephone number (315) 269-2004 utilized by **FRANK HUNTER.**

k. Cellular telephone number (315) 927-4008, utilized by **TAKI JOHNSON.**

l. Cellular telephone number (484) 426-8684 utilized by **FRANK HUNTER.**

m. Cellular telephone number (315) 709-4604 utilized by **FRANK HUNTER.**

o. m. Cellular telephone number (315) 520-4761 utilized by **TAKI JOHNSON.**

10. Except as otherwise noted, when I assert that a statement was made, the information was provided by a NYSP investigator, another federal or local law enforcement officer, or a source of information (who may have had either direct or hearsay knowledge of the statement) with whom I have spoken or whose reports or statements I have reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth my own observations, but rather have been provided directly or indirectly by FBI agents, NYSP Investigators, or other law enforcement officers who conducted such surveillance.

### III. FACTS IN SUPPORT OF PROBABLE CAUSE FOR CRIMINAL COMPLAINT

11. On May 31, 2019, at approximately 3:50 p.m., New York State Police members participated in a controlled purchase of fentanyl from the **COLEMAN**. Earlier that day, a confidential source[1] (CS) for the NYSP contacted **COLEMAN** requesting "$200," via text

---

[1] The confidential source (CS) is cooperating with law enforcement in consideration of his/her pending state felony drug charges involving the possession of heroin/fentanyl. The CS has a

5

message which your affiant is aware was a request by the CS to **COLEMAN** for $200.00 worth of heroin. At 3:15 p.m., NYSP Investigators met with the CS and searched the CS for contraband and currency, and Investigators found neither. A NYSP Investigator drove the CS to 1901 Baker Avenue, Utica, NY (**COLEMAN's** residence) and at 3:47 p.m. the CS entered the residence. At 3:50 p.m. the CS returned to the vehicle and subsequently turned over a plastic bag containing a white powdery substance to NYSP Investigators. The CS confirmed that the individual known to Investigators as **COLEMAN** provided the CS with what **COLEMAN** claimed was fentanyl. NYSP Forensic Investigation Center analyzed the white powdery substance further and determined the substance (with a net weight of 0.95 grams) contained fentanyl and acetyl fentanyl.

12. On June 4, 2019, at approximately 9:30 a.m., New York State Police members participated in a second controlled purchase of fentanyl from the **COLEMAN**. The evening prior, the NYSP CS contacted **COLEMAN**, via telephone, and asked **COLEMAN** if the CS could come to **COLEMAN'S** residence the next morning (for the purpose of purchasing narcotics). At 9:08 a.m., NYSP Investigators met with the CS and searched the CS for

---

prior felony conviction for Conspiracy in the Fourth Degree (2006), as well as misdemeanor convictions for Criminal Possession of a Weapon in the Fourth Degree (2017), Assault in the Third Degree (2002), and Criminal Possession of Stolen Property in the Fifth Degree (1994). The CS has previously been found to be truthful and reliable; specifically, he/she has provided the following information: in 2018, the CS cooperated with NYSP regarding narcotics trafficking investigations. Information from the CS led to three (3) arrests, seizure of 43 grams of fentanyl and an approximate combined weight of two (2) kilograms of cocaine and heroin. Additionally, the CS conducted approximately five (5) controlled purchases of cocaine and heroin during the span of the investigation. In the same year (2018), information from the CS led to the arrest of four (4) narcotics traffickers, execution of a search warrant, seizure of distribution amounts of methamphetamine, and the discovery of a methamphetamine manufacturing site.

contraband and currency, and Investigators found neither. The CS then texted **COLEMAN** at telephone number (315) 737-3843 stating, "I'll be there in a few minutes," and shortly thereafter, the CS received a text message back from **COLEMAN**, utilizing telephone number (315) 737-3843, that stated, "K." A NYSP Investigator drove the CS to **COLEMAN**'s residence (1901 Baker Avenue, Utica) and at 9:30 a.m. the CS entered the residence. At 9:32 a.m. the CS returned to the vehicle and subsequently turned over a plastic bag containing a white powdery substance to NYSP Investigators. The CS confirmed that the individual known to Investigators as **COLEMAN** provided the CS with what **COLEMAN** claimed was fentanyl. NYSP Forensic Investigation Center analyzed the white powdery substance further and determined the substance (with a net weight of 1.78 grams) contained fentanyl and acetyl fentanyl.

13.     On June 11, 2019, at approximately 7:42 p.m., following an intercepted drug-related telephone conversation between **COLEMAN** and **JOHNSON**, **COLEMAN** was observed and recorded by a NYSP pole-camera leaving his residence, located at 1901 Baker Avenue, Utica. **COLEMAN** was observed entering a black Honda sedan with New York license plate number JFF-3599, operated by **TAKI JOHNSON**. **COLEMAN** exited the vehicle shortly thereafter and re-entered his residence. NYSP investigators believe that **JOHNSON** supplied **COLEMAN** with a quantity of fentanyl while they were sitting inside the vehicle.

14.     On June 12, 2019, at approximately 5:52 a.m., law enforcement executed a state court authorized search warrant at 1901 Baker Avenue, Utica, NY (**COLEMAN**'s residence). During the search, law enforcement recovered approximately 50 gross grams of a white powdery substance contained in two knotted plastic bags, scales with white residue, cutting agent, and packing materials. NYSP Forensic Investigation Center analyzed the white powdery substance

further and determined the substance (with a net weight of 26.3 grams) contained fentanyl and acetyl fentanyl.

15. Following the execution of the search warrant at **COLEMAN's** residence on June 12, 2019, investigators intercepted a telephone call (the same day) at approximately 9:32 a.m. from cellular telephone number (315) 520-4761, utilized by **TAKI JOHNSON**, to cellular telephone number (315) 709-4604, utilized by **FRANK HUNTER**. During the call, **HUNTER** told **JOHNSON** that his "man across the street" from **COLEMAN's** residence told him that police and police dogs had conducted a search of **COLEMAN's** house. **JOHNSON** told **HUNTER** that the police found something "small." **JOHNSON** further stated that he "just seen the nigga yesterday," and "I just gave that nigga something light." **JOHNSON** goes on to tell **HUNTER** that he saw a copy of the warrant and knows the police were looking for heroin and fentanyl. **HUNTER** responds with, "That boy on fire," and tells **JOHNSON** he needs to "clean up." **HUNTER** and **JOHNSON** end the call after a short discussion about dropping their cellular telephones and getting new numbers.

16. Your affiant believes that in the above conversation, **JOHNSON** tells **HUNTER** that he had just met with **COLEMAN** yesterday (June 11, 2019) and that he had only given **COLEMAN** a small quantity of drugs ("something light"). Your affiant is further aware that, in fact, shortly after the above-referenced telephone call, both **HUNTER** and **JOHNSON** changed their telephone numbers. Your affiant knows from his training and experience that narcotics traffickers frequently change their telephone numbers as a way to evade interception by law enforcement.

### III. CONCLUSION

17. In light of the foregoing, I respectfully submit that there is probable cause to believe that **FRANK HUNTER, TAKI JOHNSON**, and **VENNIE COLEMAN** conspired with each other and others to distribute and possess with the intent to distribute ten (10) grams or more of a mixture and substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, (i.e. fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

Douglas J. Soika
Special Agent
Federal Bureau of Investigation

Sworn to before me this
22nd day of July, 2019

(Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Northern District of New York